JHJ LIMITED I, Plaintiff-Appellee,

v.

CHEVRON U.S.A., INC.,
Defendant-Appellant.

No. 86–3043.

United States Court of Appeals,
Fifth Circuit.

Dec. 19, 1986.

M. Taylor Darden, John C. Christian, New Orleans, La., for defendant-appellant.

F. Neelis Roberts, Gordon, Arata, McCollam & Stuart, New Orleans, La., for plaintiff-appellee.

Before BROWN, RANDALL and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

JHJ Limited I (JHJ), a drilling contractor, initiated this suit by filing in the Louisiana state court a petition for a writ of sequestration covering all right, title and interest of Chevron U.S.A., Inc. (Chevron) in an oil and gas lease (the Wunsch Lease) entered into by Robert H. Wunsch and Chevron, including all oil and gas (and proceeds thereof) produced from the lease. The case was removed by Chevron to federal district court based upon diversity of citizenship and was tried upon a joint stipulation of facts. The district court held that JHJ's lien under the Oil, Gas and Water Well Lien Act, La.Rev.Stat.Ann. § 9:4861 *et seq.* (West 1983 & Supp.1986), applied to the entire Wunsch Lease, including Chevron's share of the production from wells in units other than the unit in which the well drilled by JHJ was located. *See* 617 F.Supp. 729 (M.D.La.1985). Subsequent to the district court's decision, the Louisiana Court of Appeal for the First Circuit reached the same conclusion in five consolidated suits brought against Chevron by other furnishers of labor, services and supplies in connection with the drilling of the same well that is the subject of this case. *LOR, Inc. v. Martin Exploration Co.,* 489 So.2d 1326 (La.Ct.App. 1st Cir.1986), *writ denied,* 493 So.2d 1217 (La.1986).

We are persuaded, as was the Louisiana Court of Appeal, that the district court's decision in this case is a correct interpretation of Louisiana law. Moreover, in view of the decision of the Louisiana Court of Appeal, we are now *Erie* bound to affirm.

AFFIRMED.

JOHN R. BROWN, Circuit Judge, concurring.

Following our ancient declaration that *Erie* binds us by the "Latest, highest writing Court" *Canal Insurance Co. v. Baldree,* 489 F.2d 1393, 1394, (5th Cir.1974); *Ford Motor Co. v. Mathis,* 322 F.2d 267, 269 (5th Cir.1963), the destiny of this case was sealed by the Louisiana Court of Appeals decision *LOR, Inc. v. Martin Exploration Co.,* 489 So.2d 1326 (La.Ct.App. 1st Cir.1986). That it was based to an undeniable extent on the earlier writings of the distinguished Federal District Judge in our very own case does not detract from *Erie's* command that matters of state law are to be determined by state law and state expositors.

Consequently, I would leave entirely to Louisiana Courts—who have now spoken—determination of this Louisiana land operation problem enshrouded as it is, in the some-time quaint codal language and the beguiling mysteries of the Code Civil.

I am content to leave the intrinsic merits to Louisiana whose problem, whose laws are at stake and whose court has authoritatively ordained the outcome. Our impri-

matur, at best, is superfluous and may signal a denigration of the supremacy of state courts.